UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL LONEKER, | |
| Plaintiff, | Civil Action No. 17-2006 (ES) |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Michael Loneker ("Plaintiff") seeking review of Administrative Law Judge Leonard Olarsch's ("ALJ" or "ALJ Olarsch") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or "Act"). The Court has subject matter jurisdiction under 42 U.S.C. § 405(g). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's ("Commissioner") decision.

**I.    BACKGROUND**

On November 5, 2012, Plaintiff filed a Title II application for DIB, alleging disability beginning September 22, 2012. (D.E. No. 5, Administrative Record ("R.") at 13). Plaintiff alleges a disability stemming from bilateral hip osteoarthritis, bilateral knee arthritis, cervical and lumbar disc disease, and depression. (D.E. No. 1, Complaint ("Compl.") ¶ 7). These claims were initially denied on March 1, 2013, and again upon reconsideration on December 6, 2013. (R. at 13). On February 10, 2014 Plaintiff filed a written request for a hearing before an ALJ Judge. (*Id.*).

On September 2, 2015, Plaintiff appeared and testified at a hearing in Newark, New Jersey. (*Id.*). Jacki L. Wilson, a vocational expert, also appeared and testified at the hearing. (*Id.*). The ALJ denied Plaintiff's claim on October 6, 2015. (*Id.* at 10). Thereafter, Plaintiff requested an Appeals Council review, which was denied on January 19, 2017. (*Id.* at 1). On March 27, 2017, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court. (D.E. No. 1). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 13, Plaintiff's Brief Pursuant to Local Rule 9.1 ("Pl. Mov. Br."); D.E. No. 16, Defendant's Brief Pursuant to Local Civil Rule 9.1 ("Def. Opp. Br.")). The matter is now ripe for resolution.

## II.  LEGAL STANDARD

### A.  Standard for Awarding Benefits

To be eligible for DIB under Title II of the Act, a claimant must establish that he is disabled as defined by the Act. *See* 42 U.S.C. § 423. A claimant seeking DIB must also satisfy the insured status requirements set forth in § 423(c). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." *Id.* § 423(d)(1)(A). A claimant's physical or mental impairment must be "of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.*

The Act has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). If at any point in the sequence the Commissioner determines that the Plaintiff is or is not disabled, the appropriate determination is made and the inquiry ends. *See id.* The burden rests on the claimant to prove steps one through

four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[1] At step five, the burden shifts to the Commissioner. *Id.*

*Step One.* At step one, a claimant must demonstrate that he is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. *Id*. §§ 416.972(a) & (b). If a claimant demonstrates he is not engaging in substantial gainful activity, the analysis proceeds to the second step.

*Step Two*. At step two, a claimant must demonstrate that his alleged impairment or the combination of his impairments is "severe." *Id*. § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. *Id.* § 404.1520(c). If a claimant has a severe impairment, the analysis proceeds to the next step.

*Step Three*. At step three, an ALJ must assess the medical evidence and determine whether a claimant's impairment or combination of impairments meets or equals an impairment listed in the Social Security Regulations "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Upon a finding that a claimant meets or equals a listing, a claimant is presumed to be disabled and is automatically entitled to benefits. *Id.* § 416.920(d).

*Step Four.* If a claimant is not found to be disabled at step three, the analysis continues to step four, in which the ALJ determines whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If a claimant lacks the RFC to perform any work he has done in the past, the analysis proceeds to the final step. *See id.* § 416.920.

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

***Step Five***.  In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on his RFC and vocational factors.  *Id.* § 404.1520(a)(4)(v).  If the Commissioner finds that the claimant is capable of performing jobs that exist in significant numbers in the national economy, disability benefits will be denied.  *See id*.

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. § 405(g); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).  "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance."  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).  While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision."  *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft*, 181 F.3d at 360.  Thus, the Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder."  *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."  *Burnett v. Comm'r of Soc. Sec.*, 220

F.3d 112, 121 (3d Cir. 2000). The Third Circuit has noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

## III. ALJ OLARSCH'S DECISION

The ALJ considered the medical evidence of the record and testimony received at the hearing and concluded that the Plaintiff retains capacity for work and is not disabled as defined by the Act. The ALJ made the following findings:

At step one, ALJ Olarsch determined that Plaintiff had not engaged in substantial gainful activity since September 22, 2012, the alleged onset date. (R. at 15).

At step two, ALJ Olarsch determined that Plaintiff had the following severe impairments: bilateral hip osteoarthritis and status/post bilateral hip replacement surgeries; bilateral osteoarthritis; cervical and lumbar spine degenerative disc disease; and depression. (*Id*.). ALJ Olarsch determined that these impairments were 'severe' under the Regulations because "the impairments significantly limit the claimant's ability to perform basic work activities." (*Id*.).

At step three, ALJ Olarsch determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at 16). In reaching this conclusion, ALJ Olarsch found that no medical evidence demonstrated that Plaintiff's impairments met or equaled the criteria of any Listing under the Regulation. (*Id*.). ALJ Olarsch noted that he specifically considered Listings 1.02, 1.03, 1.04, and 12.04. (*Id*.).

At step four, ALJ Olarsch determined that, after careful consideration of the entire record,

Plaintiff has the RFC to perform light, unskilled work. (*Id*. at 18 & 22). ALJ Olarsch further noted that the Plaintiff can occasionally climb ramps and stairs, balance, stoop, crouch, kneel and crawl, but can never climb ladders, ropes or scaffolds. (*Id*. at 18). The ALJ determined that Plaintiff is limited to unskilled work and could be off-task up to ten percent of the workday due to concentration problems. (*Id*.). The ALJ concluded that after careful consideration of all symptoms, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (*Id*. at 20). ALJ Olarsch then determined that the claimant did not have the RFC to perform any past relevant work as an automobile mechanic, which consist of medium, skilled work. (*Id*. at 21).

At step five, ALJ Olarsch determined that based on Plaintiff's age, education, work experience and RFC, there is a significant number of jobs available nationally that Plaintiff could perform. (*Id*. at 22). Based on the testimony of the vocational expert, the ALJ determined that Plaintiff would be able to perform the requirements of occupations including, document preparer, order clerk, and final assembler. (*Id*. at 23).

Accordingly, the ALJ concluded that Plaintiff "has not been disabled under a disability, as defined in the Social Security Act, from September 22, 2012," through the date of the decision. (*Id*.).

## IV. DISCUSSION

On appeal, Plaintiff argues that ALJ Olarsch's decision is not supported by substantial evidence and is based on errors of law. (Compl. ¶ 15). Particularly, Plaintiff argues that the ALJ improperly disregarded medical evidence supporting his subjective complaints and "violated Third Circuit case law and federal regulations mandating the SSA address subjective complaints." (Pl. Mov. Br. at 9). Plaintiff further contends that his subjective complaints are entitled to substantial

credibility because of his good work record. (*See id*. at 9 & 10). Accordingly, Plaintiff avers that the ALJ failed to hold the Commissioner to its burden of proof. (*See id*. at 9). The Court disagrees.

First, an ALJ must consider subjective evidence about pain and other symptoms if the evidence can "reasonably be accepted as consistent with the objective medical evidence and other evidence." *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir.1979); *Sponheimer v. Comm'r of Soc. Sec.*, 734 Fed. Appx. 805, 809 (3d Cir. 2018). However, the ALJ may reject such claims if he does not find them credible. *See Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974).

Here, Plaintiff is incorrect that the ALJ did not consider his medical evidence supporting his subjective complaints. ALJ Olarsch recognized that objective tests and subjective testimony were provided and used that evidence to determine whether Plaintiff should receive disability benefits. (R. at 18-21). The ALJ found that medical evidence in the record does not support Plaintiff's testimony that he cannot perform sedentary work. (*See id*. at 16-21). The ALJ discussed the medical evidence that contradicted Plaintiff's alleged physical restrictions and also discussed how that evidence supported the ALJ's conclusion that portions of Plaintiff's testimony were not credible. (*See id*. at 20). Further, the ALJ explained why he found that Plaintiff's subjective reports of intense, persistent, and limiting effects of his hip injury, knee arthritis, and depression were contradicted by other evidence of the record:

> [I]n activities of daily living, the claimant has *mild* restriction. In written statements, the claimant reported that he could walk up to two blocks, stand for 10 minutes, and sit for 45 minutes at one time, but that he could also do errands without assistance, drive his own car and do light housekeeping without assistance . . . [T]he claimant reported preparing meals, and doing light housekeeping but that he had trouble doing yard work. He reported that he could go out alone, go shopping, and handle his finances. He also reported spending time watching television, using the internet and reading. The claimant reported problems with lifting, squatting, bending, standing, walking, sitting, kneeling and stair climbing. He later reported that he could lift about 50 pounds but that walking caused pain.

(*Id*. at 17). The ALJ's decision is consistent with the Third Circuit's recognition that "[a]lthough

'any statements of the individual concerning his or her symptoms must be carefully considered,' the ALJ is not required to credit them," particularly where such statements are undermined by evidence of a more active lifestyle. *Chandler v. Comm'r*, 667 F.3d 356, 363 (3d Cir. 2011).

Plaintiff also argues that his prior work record and efforts to work, enhanced his credibility. Relying on *Dobrowolsky*, 606 F.2d 403, Plaintiff contends that a claimant with a good work record is entitled to substantial credibility when claiming an inability to work as a result of disability. (*See* Pl. Mov. Br. at 10). However, Plaintiff's work history is one of the many factors the ALJ may consider in evaluating Plaintiff's credibility. *See* 20 C.F.R. § 404.1529(c). "An exemplary work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination." *Thompson v. Astrue*, No. 09–0519, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010) ("[A] claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility."). The ALJ considered Plaintiff's work history by acknowledging his past relevant work as an automobile mechanic, in addition to other relevant factors. (R. at 15-22). Thus, after reviewing the record, the Court concludes that the ALJ properly evaluated Plaintiff's credibility in accordance with the Regulations.

Finally, Plaintiff's argument that the ALJ failed to hold the Commissioner to its burden of proof is unpersuasive. ALJ Olarsch denied Plaintiff's application for benefits after finding that substantial evidence supports that Plaintiff could perform other work that existed in significant numbers in the national economy. (*Id*. at 22 & 23). The RFC refers to the most a claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); SSR 96–8p, 1996 WL 374184, at *1 (S.S.A. 1996). When determining a claimant's RFC, the ALJ has a duty to consider all evidence before him, *Plummer*, 186 F.3d at 429, but the ALJ is only required to include a claimant's

"credibly-established limitations," *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

Here, ALJ Olarsch determined that based upon review of the reports and assessments of the State agency medical consultant and other medical sources, Plaintiff was able to perform light work with the following specific limitations: Plaintiff can "lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 2 hours in an 8-hour work day and sit for about 6 hours in an 8-hour work day." (R. at 21). Additionally, Plaintiff could occasionally push and/or pull with bilateral lower extremities. The ALJ ultimately determined that despite Plaintiff's limitations, based on his RFC, Plaintiff would be able to perform light, unskilled work. (*Id*. at 23).

After a full review of the record, the Court finds that little in the documentary evidence suggests that Plaintiff's impairments were as persistent, intrusive, or progressive as the Plaintiff has alleged. Plaintiff's medical history is inconsistent with his allegation of disability. (*Id*. at 20). For example, Plaintiff inconsistently "sought or received treatment," his medications and surgeries he underwent for his alleged impairments were "relatively effective in treating and controlling" his symptoms, and there was no evidence of recent treatment for mental health issues of the depression Plaintiff alleged he suffered from. (*Id*.). Consequently, the record lacks evidence that Plaintiff is unable to perform light, unskilled work. Thus, the burden to show that Plaintiff can perform alternative jobs that exist in significant numbers has been met.

As such, the Court concludes that the ALJ's decision was supported by substantial evidence and gave sufficient consideration to Plaintiff's testimony.

## V. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**